CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
ARAL WIND LTD.
366 Main Street
Port Washington, New York 11050
Tel:  (516) 767-3600
Fax:  (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ARAL WIND LTD.,

                                    Plaintiff,

                                                                        08  CV 6966 (JFK)

                    v.
                                                                        **VERIFIED COMPLAINT**

BLUE-EDGE GLOBAL RESOURCES LIMITED,

                                    Defendant.
-----------------------------------------------------------------X

       Plaintiff ARAL WIND LTD. (hereinafter "ARAL"), by its attorneys, Chalos,

O'Connor & Duffy, as and for its Verified Complaint against the Defendant, BLUE-

EDGE GLOBAL RESOURCES LIMITED (hereinafter "BLUE-EDGE"), alleges upon

information and belief as follows:


                                    JURISDICTION

       1.       This is an admiralty and maritime claim within the meaning of Rule 9(h)

of the Federal Rules of Civil Procedure, and also falls under this Court's admiralty and

maritime jurisdiction pursuant to 28 U.S.C. § 1333.

<u>THE PARTIES</u>

<u>A) ARAL is an entity with a presence in the Southern District of New York</u>

2.      The plaintiff ARAL is the owner of the vessel M/T ARAL WIND, and the business of ARAL is to charter the M/T ARAL WIND to others for the carriage of cargo in exchange for payments of hire or freight.

3.      At all times material hereto, ARAL was and still is a business entity registered in Liberia, but its managing and/or general agent, Eastwind Investment Company, maintains all of its offices and its principal place of business in the Southern District of New York at 444 Madison Avenue New York, New York, 10022, with a phone number in New York at (212) 838-1113 and a fax number also in New York at (212) 838-8439. *See*, http://eastwindgroup.com/.

5.      ARAL has continuous and systematic business contacts in the Southern District of New York in that all of ARAL's employees, managers, officers and directors are located in its only office which is at 444 Madison Avenue in the borough of Manhattan in the City and State of New York and PROBULK is run out of that office. *See*, http://eastwindgroup.com/.

<u>B) Defendant BLUE EDGE is a Nigerian business entity without a presence in the Southern District of New York</u>

6.      At all times material hereto, Defendant BLUE-EDGE was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country operating under foreign law with an address in Nigeria.

5.     The Defendant BLUE-EDGE is engaged in the business of chartering and operating vessels for the carriage of goods by sea.

## AS AND FOR A CAUSE OF ACTION
## FOR BREACH OF MARITIME CONTRACT

6.     On November 14, 2006, Plaintiff ARAL, as owner of the ocean-going vessel M/T ARAL WIND, entered into a charter party contract with non-party Pakri Tankers Ou, as charterer, whereby Pakri Tankers Ou hired the M/T ARAL WIND for a period of twenty-four (24) months +/- thirty (30) days.

7.     The charter party contract between Plaintiff ARAL and Pakri Tankers Ou is a maritime contract.

8.     Pakri Tankers does not dispute that it now owes Plaintiff ARAL $956,500.22 for unpaid hire and/or other payments currently due under the November 14, 2006 charter party.

9.     Pakri Tankers, in turn, through its subsidiary Baltic Tankers Ou, sub-chartered the vessel the M/T ARAL WIND to Defendant BLUE-EDGE by fixture recap dated May 12, 2008 for payments of $14,500 per day *pro rata* and on the basis that Defendant BLUE-EDGE was to pay for the bunker fuel.

10.     However, Defendant BLUE-EDGE breached the sub-charter party dated May 12, 2008 by failing to pay $1,053,774.33 when it became due to Plaintiff ARAL under the terms and conditions of the sub-charter party dated May 12, 2008.

11.     As per the terms of the sub-charter party which call for arbitration in London pursuant to English law, Baltic Tankers Ou has asserted a claim against Defendant BLUE-EDGE in London Arbitration.

12.    Since the start of the London arbitration by Baltic Tankers Ou against Defendant BLUE-EDGE, Plaintiff ARAL has not been paid for the hire and/or freight payments that are due thereunder.

13.    In an attempt to secure its payments Plaintiff ARAL, on August 4, 2008, sent a Notice of Lien, the wording of which is essentially set forth in the case of Tarstar Shipline Co. v. Century Shipline Ltd., 451 F. Supp. 317, 320 (S.D.N.Y. 1978).

14.    The Notice of a Lien on sub-freights, as was explicitly allowed under the terms of its charter party of November 14, 2006 with Pakri Tankers Ou at clause 26, informed Defendant sub-charterer BLUE-EDGE that Plaintiff ARAL was asserting a lien on the sub-freights and/or hire payments due on the vessel M/T ARAL WIND and that all past due amounts should immediately be remitted to Plaintiff ARAL.

15.    Upon information and belief, Defendant BLUE-EDGE owes Pakri Tankers Ou and/or Baltic Tankers Ou $1,053,774.33 for freight or hire payments dues under the sub-charterer party for the vessel the M/T ARAL WIND, which amount is presently due and owing.

16.    Despite due demand, Defendant BLUE-EDGE has currently not paid Plaintiff ARAL the amount asserted in the Notice of Lien, *i.e.* $956,500.22, even though it is less than the amount it currently owes Pakri Tankers Ou and/or Baltic Tankers Ou.

17.    Defendant BLUE-EDGE's failure to make timely payment of the sub-freights when they are due constitutes a breach of the charter party and, therefore, Plaintiff ARAL has an *in personam* maritime claim against Defendant BLUE-EDGE for breach of its obligations under the sub-charter party and/or the charter party in the

principal amount of $956,500.22.  *See*, <u>St. John Marine Co. v. U.S.</u>, 1994 U.S. Dist.

LEXIS 8334, *9-*10 (S.D.N.Y. June 22, 1994).

18.    The charter party between the Plaintiff ARAL and Pakri Tankers Ou dated

November 14, 2006 and the charter party between Baltic Tankers Ou and Defendant

BLUE-EDGE dated May 12, 2008 provide that any disputes arising out of the maritime

contract(s) shall be governed by English law and shall be referred to arbitration in

London.

19.    Interest and costs, including attorneys' fees, are routinely awarded to the

prevailing party in London arbitration because they are recoverable damages in

arbitration pursuant to the London Maritime Arbitration Association's rules.

20.    In accordance with the terms and conditions of the charter party, the

Plaintiff ARAL is preparing to initiate direct arbitration proceedings in London against

Defendant BLUE-EDGE in London.

21.    As best as can now be estimated, the Plaintiff ARAL expects to recover

the following amounts in London arbitration from Defendant BLUE-EDGE:

| | | | |
|---|---|---|---|
| A. | Principal claim | $ | 956,500.22 |
| B. | Estimated interest on claims:<br>3 years at 7.25%, compounded quarterly | $ | 230,083.25 |
| C. | Estimated attorneys' fees: | $ | 75,000.00 |
| D. | Estimated arbitration costs/expenses: | $ | 25,000.00 |
| **Total** | | | **$1,286,583.47** |

PRAYER FOR RELIEF

22.    Notwithstanding the fact that the liability of the Defendant is subject to determination by arbitration in London, there are now, or will be during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendant within this District and held by various parties, as garnishees.

23.    Plaintiff ARAL believes that some of these assets, *to wit*: bank accounts; payments from the purchasers of other cargoes; freight and/or hire payments being made to other vessel owners U.S. dollars; freight and hire payments from other charterers or shippers of cargo; and/or Clearing House Interbank Payment System (CHIPS) credits; and/or funds being transferred through intermediary banks are located in this District in the possession of garnishees, namely banks or financial institutions located in New York.

24.    As set forth in the accompanying Declaration of George E. Murray, the Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure.

25.    Because this Verified Complaint sets forth an *in personam* maritime claim against the Defendant and because the Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure, the requirements for a Rule B attachment and garnishment are met and Plaintiff seeks the issuance of process of maritime attachment so that it may obtain security for its claims against the Defendant and/or *quasi*

6

*in rem* jurisdiction over the property of the Defendant so that an eventual judgment and/or award can be satisfied.

WHEREFORE, Plaintiff prays as follows:

A.      That the Defendant be summoned to appear and answer this Verified Complaint;

B.      That the Defendant not being found within this District, as set forth in the Declaration of George E. Murray, then all of its assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the defendant within this District up to the amount sued for herein be attached pursuant to Supplemental Rule B and to pay Plaintiff's damages;

C.      That this Court retain jurisdiction over this matter through the entry of a judgment either by this Court, and/or the London arbitration panel, so that judgment may be entered in favor of Plaintiff for the amount of its claim with costs, *i.e.* US$1,286,583.47, and that a judgment of condemnation and sale be entered against the property arrested and attached herein in the amount of Plaintiff's claim, plus costs to be paid out of the proceeds thereof; and

D.      That Plaintiff has such other and further relief as the Court may determine to be just and proper under the circumstances.

7

Dated: Port Washington, New York
      August 5, 2008

                      CHALOS, O'CONNOR & DUFFY, LLP
                      Attorneys for Plaintiff,
                      ARAL WIND LTD.,

By:
                      George E. Murray (GM-4172)
                      Owen F. Duffy (OD-3144)
                      366 Main Street
                      Port Washington, New York 11050
                      Tel:  (516) 767-3600
                      Fax:  (516) 767-3605

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
ARAL WIND LTD.
366 Main Street
Port Washington, New York 11050
Tel:  (516) 767-3600
Fax:  (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ARAL WIND LTD.,

                         Plaintiff,
                                                                      08  CV  _____  (____)
              v.
                                                                      **VERIFICATION**

BLUE-EDGE GLOBAL RESOURCES LIMITED,

                         Defendant.
------------------------------------------------------------------X


       Pursuant to 28 U.S.C. § 1746, George E. Murray, declares under the penalty of

perjury:


       1.       That I am an associate attorney at the law firm of Chalos, O'Connor &

Duffy LLP, counsel for the Plaintiff, ARAL WIND LTD., herein;

       2.       That I have read the foregoing complaint and know the contents thereof;

       3.       That I believe the matters to be true based on documents and information

obtained from employees and representatives of the Plaintiff through its agents,

underwriters and attorneys; and

    4.      That the reason that this verification was made by deponent and not by the

Plaintiff is because the verification of the officers of Plaintiff could not be obtained

within the time constraints presented by the circumstances of this case.


    I declare under penalty of perjury that the foregoing is true and correct.


Dated: Port Washington, New York
      August 5, 2008

                              CHALOS, O'CONNOR & DUFFY, LLP
                              Attorneys for Plaintiff,
                              ARAL WIND LTD.,

            By:

                              George E. Murray (GM-4172)
                              366 Main Street
                              Port Washington, New York 11050
                              Tel:  (516) 767-3600
                              Fax: (516) 767-3605
                              ofd@codus-law.com

2